IVY M. DIEMER, ADMINISTRATRIX, v. HARVEY W. D. SHEPARD.

Argued October term, 1927—Decided February 2, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the rule, *Frank G. Turner.*

*Contra, Alfred A. Stein.*

PER CURIAM.

The action was tried before the court and a jury in the Morris Circuit, and resulted in a verdict for the plaintiff for $12,000.

The facts are these: The plaintiff's intestate, a taxi driver, was proceeding on a Sunday morning in an easterly direction on the right-hand side of Madison avenue, in Madison, on a down grade. The defendant was driving on the same road on his right side in a westerly direction and made a turn to the left in order to enter a church driveway, when the plaintiff's taxicab, which was only eight or ten feet distant, struck the plaintiff's car in the rear and while the rear part was extended over the highway, injuring the plaintiff's intestate, from which injuries he died within a short time thereafter, this suit being brought to recover damages by the administratrix widow for the death.

It is to be observed that in taking this rule counsel for the defendant reserved his exceptions, but instead of confining himself to the argument of the rule before us he has argued

almost entirely all of the exceptions reserved, and this court, in pursuance of that argument and procedure, has considered every exception discussed, and now incidentally determines the same as though not reserved by the rule.

It is contended, in the first place, that the verdict was excessive. We do not so consider it. The deceased was twenty-one years of age and left a wife of the same age and a child four months old, all in good health, surviving him. The verdict was for $12,000, and under the situation as alleged in this case and proved upon the trial, we do not consider the verdict excessive.

It is contended also that the verdict is against the general weight of the evidence. The relative negligence as to the parties was of such a character as to make it a controverted question, and in such a status the rule is well settled that the questions of negligence and contributory negligence are properly resolvable by a jury. Therefore, we find no support for the contention.

It is also contended that the effect which the jury might give to the testimony concerning the amount of compensation insurance which the plaintiff would receive from a casualty insurance company was irrelevant and immaterial and should not have been referred to by the court in its charge. If it were irrelevant and immaterial no harm or injury was done to this defendant; but we have examined the direction of the court in that respect and find that it is legally unobjectionable, and, if anything, was favorable to the defendant's side of the case.

Exception was also taken to the direction of the court regarding the annuity tables, and also as to the estimate which was requested from one of the witnesses as to the probability of the joint lives of husband and wife and child under the Carlisle tables. It is to be observed that the defendant in this instance did not insist upon an answer and entered no exception, which appears upon the record. When the witness in answer to a question estimated that it would take him about two hours to calculate the probabilities of the joint lives, evidently counsel did not desire to proceed further in

the matter, and nothing further was said or done. We think, in any event, that this procedure was unobjectionable, and that the matter was in the discretion of the court as to whether or not any length of time should be allowed to the expert for the purpose of estimating the probability of the duration of the joint lives. *Dickerson* v. *Mutual Grocery Co.,* 124 *Atl. Rep.* 785. It is also to be observed that the witness subsequently gave the information that was desired, so that no harm was done in that respect.

Exclusion of the question on cross-examination by the defendant under the ninth and tenth reasons was correct, since the inquiry involved was entirely immaterial, and had no relevancy to the situation presented by the pleadings in this case.

The eleventh and twelfth reasons are subject to the same criticism.

The thirteenth reason deals with the overruling of a question put by the defendant's counsel to an occupant of the defendant's car at the time of the accident. The overruling of this question might be considered erroneous were it not for the fact that shortly thereafter the same witness said that he was not in a position to see or describe what the driver of the car had done, but that he did notice a slight skid of the car. We think that this testimony was therefore practically included and not excluded.

There was an exception entered to the refusal of the court to direct a verdict for the defendant on the grounds that we have already substantially adverted to. We think that all of these questions as to the absence of negligence, contributory negligence, the existence of a condition producing an inevitable accident, were questions for the jury and were all reserved in the exceptions; but, as we have said, we have considered them here and do not find that they are legally supportable.

The sixteenth exception deals with the remarks of the court concerning the compensation allowed. We have already considered that in another connection, and we have concluded that the remarks of the court in this instance, "that damages

should be assessed by the jury without regard to what might be allowed under the Compensation act," were legally correct.

The seventeenth and eighteenth reasons deal with that part of the charge in which reference is made to the fact that Deimer was on the proper side of the road. We consider that a correct statement of fact, but, in any event, the court could not take it from the jury.

The next reason also deals with the charge of the court in referring to the turn made by the defendant, in calling the attention of the jury to the fact that if he was negligent in that respect, under the circumstances, the defendant would be liable; whether or not he turned under circumstances which would involve, ordinarily, extreme caution on his part, or whether he did it negligently by reason of the fact that he did not take into consideration that there was a car approaching. These were questions for the jury and properly submitted to them. In this respect there was no error in the charge.

The court also charged (and to this exception is taken) that negligence might be inferred from the fact of the violation of the Traffic act by the defendant. Under the facts of this case we think this direction of the court was legally correct.

The court also charged (and to this exception was taken) in this language: "And here the suggestion is made that because he did not turn he not only violated the Traffic act but he committed an act of negligence." Of course, when the court was referring to the matter in this light he had in mind all the circumstances of the case and the situation of the parties, and he was simply calling the attention of the jury to the defendant's act in turning at the time he did and under the circumstances, and leaving it to the jury to say whether or not under such circumstances the defendant was guilty of negligence. We see nothing legally objectionable in that.

On an examination of the whole case and the reasons and exceptions, we have come to the conclusion that the rule should be discharged.